ALBANY CITY BANK *v.* FREDERICK H. STEEVENS *et al.*

The petition under the 117th section, (R. S. 378,) should set forth briefly all the facts necessary to enable the mortgagor, as well as the Court, to understand its object.

A copy of the petition, with a notice of the time of presentation to the Court, must be served on the mortgagor, in order to afford him an opportunity to show cause why the prayer of the petition should not be granted.

Where the service cannot be made on the mortgagor, by reason of his absence from the State, it may be made on his Solicitor.

A copy of the petition need not be served on defendants made parties as subsequent incumbrancers.

THIS was a motion to confirm a master's report of sale for an instalment of interest due on a mortgage, and also for a further order to sell, for the principal, which had since become due.   It appeared that a decree had been entered December 7th, 1840, for the sum of $3821.99, being the amount of interest then due on the mortgage; that January 16th, 1842, the principal fell due; that April 6th, 1842, an

order was entered with the register, referring it to a master to ascertain and compute the amount of principal and interest due on the mortgage; that on the 8th day of April a part of the mortgaged premises were sold to satisfy the decree for interest. That on the coming in of the master's report of sale and also of the amount due on such reference, the complainants moved for a confirmation of the report, and at the same time presented their petition, a copy of which had been served on the Solicitors of the mortgagor, stating that the whole amount of the principal sum secured by the bond and mortgage had become due, and that there was then due, as appeared by the report of the master, the sum of $26,670.50 as principal and interest since the decree, and asked for a future or supplemental order to sell so much of the mortgaged premises remaining unsold, as should be necessary to pay the amount then due.

*Barstow & Lockwood*, in support of the motion.

*A. D. Fraser*, contra.

THE CHANCELLOR. The Revised Statutes (page 378, § 117) provide, where there is a default subsequent to the decree in the payment of any portion or instalment of the principal, or of the interest due upon the mortgage, the Court may, on the petition of the complainant, by a further order founded upon the first decree, direct a sale of so much of the mortgaged premises to be made, under the decree, as will be sufficient to satisfy the amount so due, with the costs of such petition and the subsequent proceedings thereon ; and that the same proceedings may be had as often as a default should happen. The petition under this statute should set forth briefly all the facts necessary to enable the mortgagor, as well as the Court, to

understand its object. It should state when the bill was filed, the date of the decree, and the amount that had become due upon the mortgage since that time; and that the whole or some part thereof remained unpaid.

A copy of the petition, with a notice of the time it will be presented to the Court, should be served on the mortgagor, in order to afford him an opportunity to show cause why the prayer of the petition should not be granted; and if no cause is shown, the petitioner will be entitled to an order of reference to a master to compute the amount due, and, on the coming in of the master's report, to such further order as the case may require. Where service cannot be made on the mortgagor, by reason of his absence from the State, it may be made on his solicitor. A copy of the petition need not be served on subsequent incumbrancers who are made parties to the suit. Decrees in this class of cases are analogous to judgments at law for the penalty of a bond, where the plaintiff is required to proceed by *scire facias* to have damages assessed on a breach occurring after the rendition of the judgment. The reference to the master in this case to compute the amount which had become due since the decree, was irregular, as it was made without a special order of the Court for that purpose, and the petition should have been served on the mortgagor instead of the Solicitor.

So much of the Master's report as relates to the reference made on the 6th instant, cannot be confirmed, and the prayer of the petitioners must be denied. But that part of the report which relates to the sale of a part of the mortgaged premises, may be confirmed.